IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A.,[1] | ) | |
|     Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 09-00557-KD-C |
| | ) | |
| JAMES A. WILLIAMSON and | ) | |
| JAMES C. MORRIS, | ) | |
|     Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Entry of Default Judgment (Doc. 14) and Supplemented Response (Doc. 20), as well as this Court's Order (Doc. 19).

**I.    BACKGROUND**

As set out in this Court's previous order, Plaintiff initiated this litigation on August 27, 2009 by filing a Complaint against Defendants for breach of contract, money had and received, unjust enrichment and attorneys' fees. (Doc. 1). Specifically, Plaintiff alleged that Defendants executed a Promissory Note on June 5, 2008 in the principal amount of $272,696.81 and that the Note matured pursuant to its terms and the Defendants failed to pay all amounts owing thereunder. (Id.) On December 7, 2009, Plaintiff filed an application to the clerk of court for entry of a default against the Defendants (Doc. 13), asserting that the Defendants failed to answer or otherwise defend the complaint, and the Clerk subsequently entered a default against the Defendants (Doc. 15). Plaintiff also moved for entry of default judgment against

---

[1] According to the Plaintiff, Wells Fargo Bank, N.A., is successor-by-merger to Wachovia Bank, N.A., effective March 20, 2010. (Doc. 20 at 1).

Defendants (Doc. 14), and on March 22, 2010, the Court granted Plaintiff's motion, finding the Defendants jointly and severally liable on the Promissory Note for the amount of **$299,276.67** plus pre-judgment interest accruing between December 4, 2009 and the date of judgment at the per diem rate of $32.44 plus post-judgment interest at the statutory rate in effect on the date of entry of this order and judgment. (Doc. 19).

To support the amounts claimed in its motion for default judgment, Plaintiff initially relied upon the Court pleadings and docket sheet (including the Complaint and attachments thereto (Doc. 1), the Affidavit of John Cathey (Doc. 14-1) and the Affidavit of Jason Woodard (Doc. 14-3). As noted in the Order (Doc. 19), however, the motion for default judgment and supporting documents lacked information sufficient to support a conclusion that the attorneys' fees and costs that the Plaintiff requested were reasonable. See, e.g., Tyco Fire & Sec., LLC v. Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (per curiam); Varner v. Century Fin. Co., 738 F.2d 1143 (11th Cir. 1984); Beal Bank, SSB v. Schilleci, 896 So.2d 395, 403 (Ala. 2004); State Bd. of Educ. v. Waldrop, 840 So.2d 893, 896 (Ala. 2002); City of Birmingham v. Horn, 810 So.2d 667, 681-682 (Ala. 2001); Ex parte Edwards, 601 So.2d 82, 85 (Ala. 1992); Van Schaack v. AmSouth Bank, N.A., 530 So.2d 740, 749 (Ala. 1988). Accordingly, the Court granted Plaintiff leave to supplement the record with detailed records supporting its requests. (Doc. 19). In response, Plaintiff filed a Supplemented Response in support of its motion, attaching a new Affidavit from Plaintiff's counsel Jason Woodard ("Woodard") (Doc. 20-1), a partner at Burr & Forman LLP, along with an itemization of the services and expenses submitted by Burr & Forman, LLP and billed to Plaintiff, which Plaintiff asserts are reasonable and itemize the attorneys' fees and expenses incurred in connection with this litigation. (Doc. 20). Plaintiff

seeks to recover **$6,851.34** in attorneys' fees and expenses in addition to the default judgment amount which has already been awarded in this case. (Id.)

**II.     DISCUSSION**

In this case, the Court's jurisdiction is founded upon diversity. (Doc. 1). As noted *supra*, this Court has determined that Defendants are in default of their loan obligations to Plaintiff, such that they are jointly and severally liable to Plaintiff on the Note in the amount of **$299,276.67** *plus* pre-judgment and post-judgment interest. (Doc. 19). The only matter before the Court then, is Plaintiff's recoverability of attorneys' fees and expenses.

The Promissory Note constitutes the primary source of the Defendants' obligations to Plaintiff , and provides that it is to be "governed by and interpreted in accordance with federal law and, except as preempted by federal law, the laws of the state named in the Bank's address on the first page hereof without regard to that state's conflict of laws principles." (Doc. 1-1 at 4). The address listed for Plaintiff on the first page of each of these documents is in the State of Alabama. (Id. at 1). Accordingly, Alabama law governs this case.

Regarding collection costs, attorneys' fees and legal expenses, the Note provides that:

> **ATTORNEYS' FEES AND OTHER COLLECTION COSTS.** Borrower shall pay all of Bank's reasonable expenses actually incurred to enforce or collect any of the Obligations including, without limitation, reasonable arbitration, paralegals', attorneys' and experts' fees and expenses, whether incurred without the commencement of a suit, in any trial, arbitration, or administrative proceeding, or in any appellate or bankruptcy proceeding.

(Doc. 1-1 at 2).

A.     **Expenses**

Plaintiff seeks to recover **$1,199.34** for expenses incurred from August 2009-March 2010 consisting of long distance phone calls, facsimile charges, photocopying charges, a court filing fee for the complaint, postage/overnight mail fees; special process servicer fees, alias summons and complaint costs, title work and research (PACER charges).  (Doc. 20-1 at 3 at ¶9 (Woodard Aff.); Doc. 20-1 at 12-13 (Expense Itemization)).

Based on the unambiguous terms of the Promissory Note, along with the Affidavit of Counsel for Plaintiff, the Court finds that Plaintiff is entitled to recover the expenses requested.[2] See, e.g., Peppertree Apartments, Ltd. v. Peppertree Apartments, 631 So.2d 873, 878 (Ala. 1993) (providing that "[t]he intention of the parties controls when a court construes the terms of a promissory note, and that intention is to be derived from the provisions of the contract, if the language is plain and unambiguous[]").  As noted *supra*, the Promissory Note provides that the borrower "shall pay" the bank's "reasonable expenses actually incurred to enforce or collect any of the Obligations . . . ."  (Doc. 1-1 at 2).  The Affidavit of Jason Woodard, counsel for Plaintiff, attest that the expenses incurred, along with the attorneys' fees, are reasonable for the services rendered in this matter.  (Doc. 20-1).  Accordingly, it is **ORDERED** that Plaintiff's request for an award of **$1,199.34**, for expenses reasonably incurred in this case, is **GRANTED.**

---

[2]  This is not a prevailing party case. Accordingly, Section 1920 and those expenses pursuant to same are not at issue in this case.

B. **Attorneys' Fees**

Plaintiff seeks to recover **$5,652.00** in attorneys' fees. (Doc. 20). As noted *supra*, the Promissory Note's contractual provisions entitling the Plaintiff to attorneys' fees requires that such charges be "reasonable."

The calculation of reasonable attorney's fees is clearly within the sound discretion of the court. Dowdell v. City of Apopka, Fla.., 698 F.2d 1181, 1187 (11th Cir. 1983). In assessing the reasonableness of attorney's fee requests, courts generally apply the "lodestar" method to obtain an objective estimate of the value of an attorney's services. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988); Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000) (explaining that the lodestar "is the number of hours (tempered by billing judgment) spent in the legal work on the case, multiplied by a reasonable market rate in the local area"). The value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay, defined as "the prevailing market rate in the legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895-896 n. 11 (1984). The party moving for fees bears the burden of establishing the "reasonableness" of the hourly rate and number of hours expended via specific evidence supporting the hours and rates claimed. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); American Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). The court may utilize its own "knowledge and expertise" to come to an independent judgment regarding the reasonableness of requested attorney's fees. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).

When seeking attorney's fees, the prevailing party must not request fees for hours that are "excessive, redundant, or otherwise unnecessary;" or request fees for unsuccessful claims. Hensley, 461 U.S. at 434-435. When a request for attorney's fees is unreasonably high, the court may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap it Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). Likewise, where the rates or hours claimed seem excessive or lack the appropriate documentation, a court may calculate the award based on its own experience, knowledge, and observations. See, e.g., Norman, 836 F.2d at 1299. Notably,"[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonableness and proper fees and may form an independent judgment with or without the aid of witnesses." Id. at 1303 (citations omitted).

Further, the lodestar figure established by the Court may be adjusted by consideration of various factors including:

> (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

Van Schaack v. AmSouth Bank, N.A., 530 So.2d 740, 749 (Ala. 1988). See also e.g. Pharmacia Corp. v. McGowan, 915 So.2d 549, 552-554 (Ala. 2004); Lolley v. Citizens Bank, 494 So.2d 19 (Ala. 1986). These criteria are for purposes of evaluating whether an attorney fee is reasonable but they are not an exhaustive list of specific criteria that must all be met. Beal Bank, SSB v.

Schilleci, 896 So.2d 395, 403 (Ala. 2004).

Upon consideration of the affidavit and the relevant factors set forth, the Court finds that the hours spent on this litigation were reasonable under the circumstances but that some of the hourly rates requested exceed rates that this Court has found reasonable. The rates requested include rates for counsel (ranging from partners to associates with variable rates from $310/hour to $210/hour) as well as paralegals (ranging from $155/hour to $115/hour) expended, for a total of 32.90 hours litigating this case (Doc. 20-1 at 11). Specifically, Plaintiff seeks $310/hour for Partner Jason D. Woodard ("JDW"); $310/hour for Partner Eric F. Hatten ("EFH"); $210/hour for Associate Andrea L. Weed ("ALW"); $210/hour for Associate Katrina L. Danheim ("KLD"); $155/hour for Senior Paralegal Michael Ivey ("MI"); and $115/hour for Paralegal Meredith Stinson ("MS"). (Doc. 20-1 at 2 at ¶¶6-7). As set forth below, the Court, utilizing its own expertise in this market as well as a review of prior rate awards, has determined hourly rates it deems reasonable and appropriate for the work performed in this case.

 1. **The Partners**

Regarding the requested $310/hour rate for the two (2) partners for 8.2 hours of work (7.4 hours for JDW and 0.8 hours for EFH), this rate exceeds rates which have been found reasonable. Additionally, only Partner Woodard has provided information concerning his years of experience and expertise, ten (10), and thus, the Court is faced with an "indeterminate experience"[3] situation for Partner Eric F. Hatten. Given that the information provided by Plaintiff reveals that both partners request the same billable rate, $310/hour, the Court presumes

---

3  See, e.g., Adams v. Austal, U.S.A., L.L.C., 2009 WL 3261955, *2 (S.D. Ala. Oct. 7, 2009) (discussing awards for associates with "indeterminate expertise").

the rate to be indicative of Hatten's years of experience as well (*i.e.*, the same or similar to that of Woodard).  Upon consideration, the Court finds that the requested partner rate is due to be reduced to $225/hour, for the high-end, partner level work performed on this case.[4] Accordingly, the Court awards **$1,845.00** for the **8.2 hours** of work performed by the two (2) partners at the rate of **$225/hour.**

### 2. The Associates

Regarding the requested rates of $210/hour (ALW) and $165/hour (KLD) for two (2) associates, for 5.9 hours of work (4.6 hours for ALW and 1.3 hours for KLD), Plaintiff has provided no information about their respective years of experience or expertise.  In the past, this Court has awarded the rate of $150/hour for associates' time when their expertise is "indeterminate."[5]  Such is the case here.  Accordingly, the Court awards **$885.00** for the **5.9 hours** of work performed by the associates at the rate of **$150/hour.**

### 3. The Paralegals

Concerning the requested rates of $155/hour (MI) and $115/hour (MS) for the two (2) paralegals, for 17.6 hours of work (2.7 hours by MI and 14.9 hours by MS), the Court finds that the requested hourly rates are unreasonable.  In this market, recent cases have approved rates of $75/hour for paralegals.  See Adams v. Austal, U.S.A., L.L.C., 2009 WL 3261955, *2 (S.D. Ala. Oct. 7, 2009) (citing Will-Burn Recording & Publishing Co. v. Universal Music Group Records, CV 08-00387-WS-N (S.D.Al., Order dated Jul. 3, 2009) (Docket number 101); Lanier

---

4  See, e.g., Mitchell Co., Inc. v. Campus, 2009 WL 2567889, *1 and *17-18 (S.D. Ala. Aug. 18, 2009) (finding that a reasonable hourly rate for an attorney with 12 years of experience was $225/hour).

5  See, e.g., Adams v. Austal, U.S.A., L.L.C., 2010 WL 2496396, *6 (S.D. Ala. Jun. 16, 2010) (finding the hourly rate of $150/hour reasonable for associates with a few years experience); Adams v. Austal, U.S.A., L.L.C., 2009 WL 3261955, *2 (S.D. Ala. Oct. 7, 2009) (awarding attorneys with "indeterminate

Construction Inc. v. Carbone Properties of Mobile, LLC, CV 06-0070-CB-B (S.D.Al., Order dated Feb. 12, 2008) (Docket number 100)). In the absence of any evidence that the customary rate charged in this market for paralegal services is greater than that previously awarded, the Court awards the hourly rate for work performed by the paralegals at $75.00/hour. Accordingly, the Court awards **$1,320.00** for the **17.6 hours** of work performed by the paralegals at the rate of **$75/hour.**

### 4. "ST"

The Court notes that Plaintiff has listed the initials of "ST" in the billing record (Doc. 20-1 at 6) yet there is no explanation as to whether ST is an attorney or a paralegal, nor has Plaintiff provided the hourly rate for ST. The Court will presume that ST is a paralegal and thus award the hourly rate for work performed by ST at $75.00/hour. Accordingly, the Court awards Plaintiff the amount of **$90.00** for **1.20 hours** of work performed by ST at the rate of **$75/hour.**

## III. CONCLUSION

As set forth above, Plaintiff's request for attorneys' fees and expenses is **GRANTED in part** and **DENIED in part.** In addition to those amounts set out in this Court's Order of March 22, 2010 (Doc. 19),[6] the Defendants are **also** jointly and severally liable to Plaintiff for **$5,339.34** (**$4,140.00** in reasonable paralegal and attorneys' fees and **$1,199.34** in reasonable expenses).

---

expertise" of 150/hour).
6 **$299,276.67** plus pre-judgment interest accruing between December 4, 2009 and the date of judgment at the per diem rate of $32.44 plus post-judgment interest at the statutory rate in effect on the date of entry of this order and judgment. (Doc. 19).

As such, it is **ORDERED** that the total amount for which Defendants are jointly and severally liable to Plaintiff is **$304,616.01** (the default judgment award of $299,276.67 plus **$5,339.34** in reasonable paralegal and attorneys' fees and expenses), **plus** pre-judgment interest accruing between December 4, 2009 and the date of judgment at the per diem rate of $32.44 **plus** post-judgment interest at the statutory rate in effect on the date of entry of this order and judgment.

A **Final Judgment** consistent with the terms of this Order shall issue contemporaneously herewith.

**DONE** and **ORDERED** this the **2nd** day of **February 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**